| | |
|---|---|
| | **O** |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORP. AS RECEIVER FOR INDYMAC BANK, F.S.B., <br><br> Plaintiff, <br><br> v. <br><br> MIRMAX HOUSING & FINANCE, INC.; RITA MIRZAIAN; ARUTYUN KESHISHYAN; AND SEAN KESHISHYAN AND DOES 1 THROUGH 10, inclusive, <br><br> Defendants. | CASE NO. CV11-02875 ODW(PLAx) <br><br> ORDER **DENYING** DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) [23, 25, 26] [Filed 06/06/11, 06/07/11, 06/10/11] |

## I. INTRODUCTION

Pending before the Court are Defendants, Mirmax Housing & Finance, Inc., Rita Mirzaian, Arutyun Keshishyan, and Sean Keshishyan's (collectively, "Defendants"), three concurrently filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Dkt. Nos. 23, 25, 26.) Plaintiff, Federal Deposit Insurance Corporation as

---

[1] The first Motion, which was filed by Mirmax Housing & Finance, Inc. and Rita Mirzaian is virtually identical to the second Motion, which was filed by Arutyun Keshishyan. As such, the Court cites to these Motions collectively as "Mot." The third Motion, which was filed by Sean Keshishyan, is substantially different from the others. Consequently, the Court cites to the third Motion as "S. Mot."

receiver for IndyMac Bank, F.S.B.'s ("Plaintiff"), filed an Opposition to each Motion on June 20, 2011. (Dkt. Nos. 28, 29, 30.) Having carefully considered the papers filed in support of and in opposition to the instant Motions, the Court deems the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Defendants' Motions to Dismiss are **DENIED.**

## II. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a mortgage loan that originated on or about December 27, 2007, between Sarkis Gyultyan ("Gyultyan") and IndyMac Bank, F.S.B. ("IndyMac"), and was secured by property located at 6229 Riverton Ave., North Hollywood, California 91606 (the "Property"). (FAC ¶ 11.) Shortly after its origination, the loan went into default and real estate broker Rita Mirzaian ("Mirzaian"), through her company Mirmax Housing & Finance, Inc. ("Mirmax"), listed the Property for $230,000 on behalf of Gyultyan. (FAC ¶¶ 16, 17.) One week later, Sean Keshishyan ("S. Keshishyan") made an offer on the Property for $190,000, which Gyultyan accepted subject to IndyMac's approval. (FAC ¶ 17.) S. Keshishyan was represented by Arutyun Keshishyan ("A. Keshishyan"), his brother and an employee of Mirmax. (*Id.*)

Plaintiff claims that Mirzaian and A. Keshishyan knowingly represented to IndyMac's loan servicer, OneWest Bank, that the offer was "the best possible sale scenario for the Property and that the listing price . . . was at or about market value." (FAC ¶ 18.) Allegedly, OneWest Bank used the information provided to it by Mirmax in its valuation of the Property, after which IndyMac indicated that it would approve an offer of $230,000. (FAC ¶¶ 19-21.) Immediately thereafter, S. Keshishyan offered $230,000 and the sale closed on December 31, 2009. (FAC ¶ 21.) Yet, on or about February 26, 2010, Mirzaian re-listed the Property on behalf of S. Keshishyan for $369,000, and the Property quickly sold for $400,000, with a closing date of March 9, 2010. (FAC ¶¶ 26-28.)

On May 17, 2011, Plaintiff filed a First Amended Complaint, claiming that Defendants artificially deflated the short sale price of the Property so that it could be purchased by S. Keshishyan and sold at a profit, even though no substantial

improvements had been made to the Property. (FAC ¶ 22.) The FAC proceeds on two causes of action: (1) fraud, and (2) negligent misrepresentation. Defendants now seek to dismiss both claims.

### III. LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal citation and quotation marks omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### IV. DISCUSSION

Defendants argue that the FAC does not meet the heightened pleading standard required for fraud and negligent misrepresentation claims. (Mot. at 10-12; S. Mot. at 7.)

Particularly, Defendants contend that Plaintiff's claim for fraud "fails to allege with specificity the how, when, where, to whom and by what means the alleged representations were made," and that Plaintiff's claim for negligent misrepresentation "fails to allege what legal duty [the] [Defendants] owe to Plaintiff and how it was breached, and how or why [P]laintiff . . . would or could reasonably rely on [Defendants'] representations, if any." (Mot. at 10; S. Mot. at 8-9, 10-11.) The Court addresses each claim individually.

### A. FRAUDULENT MISREPRESENTATION CLAIM

To successfully allege fraud under California law, Plaintiff must prove five elements: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e. to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v. Dunn Corp.*, 24 Cal. 4th 979, 990 (2004). Moreover, under Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"), allegations of fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). In other words, allegations of fraud should specifically include "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). However, "there is no absolute requirement that where several defendants are sued in connection with an alleged fraudulent scheme, the complaint must identify false statements made by each and every defendant." *Id.* ("Participation by each conspirator in every detail in the execution of the conspiracy is unnecessary to establish liability, for each conspirator may be performing different tasks to bring about the desired result.") (quoting *Beltz Travel Serv., Inc. v. Int'l Air Transp. Ass'n*, 620 F.2d 1360, 1367 (9th Cir.1980)). Rather, Rule 9(b) simply "require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.* "[A] plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent

scheme.'" *Id.* (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

Here, Plaintiff alleges that from around March 2009 to April 2009, Defendants conspired to knowingly misrepresent the fair market value of the Property and subsequently used S. Keshishyan's offer of $190,000 to induce IndyMac to accept the short sale. (FAC ¶¶ 17-28, 30.) Additionally, Plaintiff maintains that IndyMac was justified in relying upon the listing price and short sale offer because real estate brokers and agents know facts affecting the value or desirability of a property that are not available to other interested parties. (FAC ¶¶ 31, 33.) Plaintiff also avers that it was harmed by Defendants misrepresentation as reflected by Mirmax selling the Property on behalf of S. Keshishyan three and one half months after the short sale for $170,000 more than the short sale price. (FAC ¶¶ 17, 26, 28.)

Taking the abovementioned allegations as true, which the Court must do at this stage of the litigation, Plaintiff sufficiently alleges each element of fraud such that Defendants are capable of knowing the charges pending against them. The FAC adequately indicates the time, place, parties, and content of the false representation. Further, because Plaintiff alleges a conspiracy between Defendants to use the low listing price and short sale offer to defraud IndyMac, (FAC ¶ 22), it is not necessary for the FAC to detail each Defendants' misrepresentation to IndyMac. Rather, indicating the role of each Defendant in the scheme, as Plaintiff has done, is sufficient. Accordingly, Defendants' Motions to Dismiss are **DENIED** as to the fraud claim.

### B. NEGLIGENT MISREPRESENTATION CLAIM

"[T]he elements of negligent misrepresentation are: (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage. *Apollo Capital Fund, L.L.C. v. Roth Capital Partners, L.L.C.*, 158 Cal. App. 4th 226, 243 (Ct. App. 2007). A claim for negligent misrepresentation is subject to the same scrutiny under Rule 9(b) as fraud. *See Ramirez v. Wells Fargo Bank, N.A.*, No. 10–05874, 2011 WL 1585075, at *2 (N.D.

Cal. Apr. 27, 2011); *Zarif v. Wells Fargo Bank, NA*, No. 10-2688, 2011 WL 1085660, at *4 (S.D. Cal. Mar. 23, 2011); *Mbaba v. Indymac Fed. Bank F.S.B.*, No. 09-01452, 2010 WL 424363, at *7 (E.D. Cal. Jan 27, 2010).

Here, Plaintiff alleges that Mirzaian and Mirmax knew that they were misrepresenting the fair market value of the Property when they listed the Property for $230,000. (FAC ¶ 37.) Because "Mirzaian and Mirmax held themselves out . . . as having superior knowledge, skills, and experience" with home sales, Plaintiff asserts that IndyMac was justified on relying upon their representations. (*Id.*) Furthermore, Plaintiff maintains that it was the intention of "Defendants" to induce IndyMac's reliance so that they could purchase the Property and make a profit, which in turn is reflective of the damages suffered by Plaintiff. (FAC ¶¶ 38, 40, 42.) At this stage of the litigation, such allegations are sufficient to state a claim for negligent misrepresentation under California law against Mirzaian and Mirmax. While Plaintiff fails to identify a specific misrepresentation by S. Keshishyan or A. Keshishyan, because Rule 9(b)'s requirements apply to a negligent misrepresentation claim, *see e.g.*, *Ramirez*, 2011 WL 1585075, at *2, Plaintiff is not required to "identify false statements made by each and every defendant." *Swartz*, 476 F.3d at 764. Rather, Plaintiff must only "identify the role of [each] defendant[ ] in the alleged fraudulent scheme." *Id.* Here, Plaintiff avers that S. Keshishyan acted as the purchaser and A. Keshishyan as the real estate agent, agreeing with the other Defendants "to a cash sale in which they reasonably should have know was below market value for the Property." (FAC ¶¶ 17, 39.) These allegations are sufficient to describe S. Keshishyan and A. Keshishyan's respective roles in the alleged scheme. Consequently, the allegations against S. Keshishyan and A. Keshishyan are also sufficient.

Moreover, to the extent that Defendants contend Plaintiff's negligent misrepresentation claim fails because Plaintiff does not allege that Defendants owed Plaintiff a duty, the Court finds this argument unavailing as a duty is not required for a negligent misrepresentation claim under California law. *See Apollo Capital Fund, L.L.C.*,

158 Cal. App. 4th 226 at 243.  In light of the foregoing, the Court hereby **DENIES** Defendants' Motion to Dismiss as to Plaintiff's negligent misrepresentation claim.

## IV. CONCLUSION

The Court finds that Plaintiff has sufficiently alleges both a fraud claim and a negligent misrepresentation claim against Defendants.  Consequently, Defendants' Motions to Dismiss are **DENIED**.

**IT IS SO ORDERED.**

July 27, 2011

_____

HON. OTIS D. WRIGHT, II

UNITED STATES DISTRICT JUDGE